J-S60028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARIN LEE HAUMAN | |
| Appellant | No. 439 MDA 2014 |

Appeal from the PCRA Order of February 25, 2014
In the Court of Common Pleas of Fulton/Franklin Counties
Fulton County Criminal Division at No: CP-29-CR-0000115-2001

BEFORE: OTT, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 16, 2015**

Appellant, Darin Lee Hauman, appeals *pro se* from the February 25, 2014 order entered in the Court of Common Pleas of the 39th Judicial District, Fulton County Branch, reinstating that court's March 2, 2012 denial of collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Following review, we affirm.

The PCRA court summarized the factual background of this case as follows:

> [Appellant] was arrested in Allegheny County following his attempt to meet with an underage girl. [Appellant], calling himself Jake Thomas, had been exchanging e-mails concerning sexual topics with a girl named ShyLittleMissy who[m] he believed to be 12 or 13 years old. ShyLittleMissy was, in fact, an undercover Pennsylvania State Police (PSP) Trooper who was given this e-mail account by a private citizen named Ty Grabowski who had originally set up the account to help law enforcement find child pornographers.

Following his arrest, [Appellant] was interviewed by PSP and admitted that he had been in contact with a girl he believed was 13 years old and that his intentions were sexual in nature. This information was relayed to PSP in Fulton County and a search warrant for [Appellant's] residence was obtained to attempt to find evidence of child pornography. The warrant was executed and 27 photographs were found under the carpeting of his home. As a result [Appellant] was charged with 27 counts of Possession of Child Pornography.

PCRA Court Opinion, 3/2/12, at 1.

In a subsequent opinion, the PCRA court provided the following procedural history of this case:

[Appellant] was arrested on August 27, 2001 and charged with 27 counts of possession of child pornography. A bench trial was held on October 2, 2003 and the [c]ourt found Appellant guilty on 11 counts of possession of child pornography and not guilty on the remaining 16 counts. Appellant was sentenced on March 15, 2004. Appellant filed a [PCRA petition] on July 14, 2010. A hearing on the PCRA petition was held on March 22, 2011. Trial counsel Clint Barkdoll testified. The record was left open for a second hearing so that additional witnesses could be located. The second hearing was held on July 5, 2011. Trooper Roche (formerly LaRoche) testified. On March 2, 2012 this [c]ourt issued an Order denying Appellant's PCRA petition. Attached to the Order was a comprehensive Opinion delineating our reasons for denying the petition. Appellant appealed this decision to the Superior Court on March 30, 2012. Pursuant to Superior Court Order dated March 12, 2013 our March 2, 2012 Order denying Appellant PCRA relief was vacated and we held a **_Grazier_** hearing on July 16, 2013. On October 7, 2013 Appellant filed a Motion for Leave to Amend his PCRA petition. On February 24, 2014 we issued an Order denying that motion. In that same Order we reinstated our denial of Appellant's PCRA petition to provide Appellant with an appealable Order pursuant to the Superior Court's February 7, 2014 Order. Appellant subsequently filed a Notice of Appeal on March 10, 2014, appealing our Order dated February 24, 2014 denying Appellant's Motion for Leave to Amend his PCRA petition and denying Appellant's PCRA petition by incorporation of our March 2, 2012 denial of Appellant's PCRA petition. On April 2,

2014 Appellant filed with this [c]ourt a Concise Statement of Errors Complained of on Appeal.

PCRA Court Rule 1925(a) Opinion, 5/13/14, at 1-2 (citing ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998)).[1]

On appeal, Appellant sets forth nine issues in his Statement of Questions Involved as follows:

1. Whether the PCRA Court erred when it denied relief under PCRA Count 2, alleging trial counsel ineffectiveness for failing to reasonably challenge the arrest in Allegheny Co., Pa.

2. Whether the PCRA Court erred when it denied relief under PCRA Count 3, alleging trial counsel ineffectiveness for failing to reasonably challenge the veracity of the affidavit of probable cause of the Fulton Co. search warrant.

3. Whether the PCRA Court erred when it denied relief under PCRA Count 4, alleging trial counsel ineffectiveness for failing to reasonably challenge duplicity in the one paragraph Charging Information, which was used for 27 counts.

4. Whether the PCRA Court erred when it denied relief under PCRA Count 5-A, alleging trial counsel ineffectiveness for

---

[1] Although not readily apparent from the PCRA court's procedural history, we note that Appellant's initial PCRA petition was timely filed. Appellant pursued a direct appeal to this court from his March 15, 2004 judgment of sentence. On March 18, 2005, this Court vacated the judgment of sentence and remanded for resentencing. Following resentencing, Appellant again appealed to this Court, which affirmed the judgment of sentence on September 1, 2006. Appellant then sought allowance of appeal to our Supreme Court, which denied the petition on November 18, 2008. Appellant petitioned the United States Supreme Court for a writ of *certiorari*. The Supreme Court denied *certiorari* on October 5, 2009. Appellant's PCRA petition was filed on July 14, 2010, within one year of the date his judgment became final. 42 Pa.C.S.A. § 9545(b)(1).

failing to object to Tpr. Roche's testimony about events in Allegheny Co., Pa., based on Pa.R.E. 404(b).

5. Whether the PCRA Court erred when it denied relief under PCRA Count 5-B, alleging trial counsel ineffectiveness for failing to object, during trial and/or in a post-sentence motion, to Tpr. Roche's hearsay testimony as to an Informant's testimonial statements [and] emails.

6. Whether the PCRA Court erred when it denied relief under PCRA Count 5-D, alleging trial counsel ineffectiveness for failing to raise the defense of collateral estoppel.

7. Whether the PCRA Court erred when it denied relief under PCRA Count 6, alleging trial counsel ineffectiveness for failing to present a rebuttal expert witness regarding the correct use of the Tanner Staging Methodology.

8. Whether the PCRA Court erred when it denied relief under PCRA Count 7, alleging trial counsel ineffectiveness for failing to argue, on direct appeal, how the trial court erred (a) when it found Appellant guilty on 4 out of a group of 20 depictions (i.e., Cmwlth's Ex. 2); and (b) when it ignored or failed to defer to the testimony of the Commonwealth's expert who was unable to offer any opinion as to the necessary age element of those models depicted.

9. Whether the PCRA Court erred when it denied [A]ppellant leave to amend his petition for post conviction relief to make claims of PCRA Counsel ineffectiveness prior to this appeal being taken.

Appellant's Brief at 5-6.[2]

_____

[2] We note that Appellant's brief fails to comply with the rules of appellate procedure in at least two important respects. Most noticeably, the brief violates Pa.R.A.P. 2135, which governs the length of briefs. In *Commonwealth v. Spuck*, 86 A.3d 870 (Pa. Super. 2014), this Court discussed revisions to Rule 2135 that went into effect in May 2013. Rule 2135 previously used the number of pages as a measuring standard for length of briefs. The revised rule uses number of words instead and limits a principal brief to 14,000 words, requiring the filing of a certificate of

*(Footnote Continued Next Page)*

As our Supreme Court explained in ***Commonwealth v. Chmiel***, 30 A.3d 1111 (Pa. 2011):

> Under our standard of review for an appeal from the denial of PCRA relief, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. ***Commonwealth v. Washington***, 592 Pa. 698, 927 A.2d 586, 593 (2007).  The PCRA court's credibility determinations are binding on this Court when they are supported by the record. ***Commonwealth v. Johnson***, 600 Pa. 329, 966 A.2d 523, 532, 539 (2009).  However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.  ***Commonwealth v. Rios***, 591 Pa. 583, 920 A.2d 790, 810 (2007).

***Id.*** at 1127.  Further:

> To prevail on a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is

*(Footnote Continued)* ─────────────

compliance if a principal brief exceeds thirty pages.  ***Id.*** at 873 (citing ***Commonwealth v. Roney***, 79 A.3d 595, 646 (Pa. 2013) (Castille, C.J., concurring).  "The certification requirement is not limited to counsel: *Pro se* litigants, too, are obliged to provide a certification for a primary brief that exceeds thirty pages.  ***See*** Pa.R.A.P. 2135(d) ('[T]he attorney **or the unrepresented filing party** shall include a certification that the brief complies with the word count limits.' (emphasis added)." ***Id.***  Appellant's brief spans 60 pages but does not include the required Rule 2135(d) certification reflecting compliance with the word limitation.

Important also is Appellant's failure to attach a copy of his statement of errors complained of on appeal, as required by Pa.R.A.P. 2111(d).  Although Pa.R.A.P. 2101 authorizes us to dismiss an appeal for failure to comply with briefing requirements, we decline to do so and elect to address the merits in an effort to bring this matter to a conclusion, recognizing the case dates back to Appellant's arrest in 2001.  Further, we acknowledge that the PCRA court refers to the nine errors raised by Appellant, the first eight of which were addressed in the PCRA court's 2012 opinion, which is incorporated in its 2014 opinion, and a ninth noted as raised in the instant appeal, which the PCRA court addressed in its 2014 opinion.  Because the issues addressed by the PCRA court parallel the nine issues raised in Appellant's brief, we shall address them despite Appellant's failure to comply with Rule 2111(d).

effective by establishing all of the following three elements, as set forth in **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975–76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. **Commonwealth v. Dennis**, 597 Pa. 159, 950 A.2d 945, 954 (2008). With regard to the second, reasonable basis prong, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." **Washington, supra** at 594. We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Commonwealth v. Williams**, 587 Pa. 304, 899 A.2d 1060, 1064 (2006) (citation omitted). To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. **Dennis**, **supra** at 954. "We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." **Commonwealth v. Paddy**, 15 A.3d 431, 443 (Pa. 2011).

**Id.** at 1127-28.

Turning to the issues in Appellant's brief, Appellant challenges the PCRA court's denial of relief under Paragraphs 2, 3, 4, 5-A, 5-B, 5-D, 6, and 7 of his PCRA petition and alleges PCRA court error for the court's denial of his motion to amend the PCRA petition. We shall address the claims in the order presented. "To the extent that we do not discuss all applicable requisites to relief in our treatment of any particular [PCRA] claim, it is because the aspect in focus is dispositive of overarching and/or derivative claims." **Commonwealth v. Rega**, 70 A.3d 777, 780 n.2 (Pa. 2013).

In Paragraph 2 of his PCRA petition, Appellant alleges trial counsel ineffectiveness for failing to challenge Appellant's arrest in Allegheny County, an arrest Appellant suggests was illegal. Appellant's Brief at 23. Appellant surmises that PCRA counsel could have proven the Allegheny County arrest was illegal, resulting in "a strong probability that the search warrant for appellant's residence would have been found improperly issued, thus eliminating the key evidence used against him at his Fulton Co. trial." *Id.* Appellant's argument lacks arguable merit. As the PCRA court recognized:

> The Allegheny County Court of Common Pleas did not dismiss [Appellant's] case because it determined that his arrest was illegal. The charges were dismissed following a habeas corpus proceeding. The court determined that there was not sufficient evidence. No such determination was ever made regarding the arrest. This is further evidenced by [Appellant's] PCRA Exhibit 9A which contains a copy of the Order dated May 27, 2004 dismissing the Allegheny case.

PCRA Court Opinion, 3/2/12, at 4. Further, as noted by the PCRA court, Appellant's "trial counsel had a reasonable basis for not challenging the Fulton County warrant as fruit of the poisonous tree because [Appellant's] arrest was never deemed to be unlawful." *Id.*[3] Appellant is not entitled to relief based Paragraph 2 of his PCRA petition.

---

[3] We note Appellant was represented by separate counsel in Allegheny County and that the Allegheny County case was dismissed on May 27, 2004. Appellant's Fulton County trial took place in October 2003 after numerous continuances were granted. Appellant was sentenced in March 2004, more than two months before the *habeas* hearing in Allegheny County.

Appellant next alleges error related to Paragraph 3 of his PCRA petition in which he claims trial counsel was ineffective for failing to challenge the affidavit of probable cause for the Fulton County search warrant. Appellant argues the affidavit is replete with errors and misrepresentations that, if eliminated, would render the warrant insufficient to pass a magistrate's test for probable cause. Appellant's Brief at 31. He asserts trial counsel was ineffective for refusing to request a hearing pursuant to *Franks v. Delaware*, 438 U. S. 154 (1978). In *Franks*, the United States Supreme Court held that "where a defendant demonstrates that an affiant in a warrant affidavit made a false statement knowingly and intentionally, or with reckless disregard for the truth, the search warrant must be voided, unless the affidavit's remaining content is sufficient to establish probable cause." *Rega*, 70 A.3d at 783. With regard to truthful statements in an affidavit,

> [t]his does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be "truthful" in the sense that the information put forth is believed or appropriately accepted by the affiant as true.

*Franks*, 438 U.S. at 165.

In his brief, Appellant sets forth the text of the six-paragraph warrant affidavit and dissects each paragraph of the affidavit over the next six pages of his brief. In the first paragraph, the affiant, Trooper Flaherty, represents that Troopers Roche and Bard contacted him for assistance and related

information concerning their investigation into a "traveler" case. Appellant contends he could not find any legal reference to the term "traveler"—used in the context of the affidavit as a person who contacts juveniles via email and chat rooms—and suggests the use of the word was simply "wordy jargon" to get the magistrate to "take that bait hook, line and sinker," *id.*, seemingly because Trooper Roche testified he never had chat room exchanges with Appellant. Also, Appellant challenges statements made by Trooper Roche, claiming Roche testified at the PCRA hearing that Trooper Bard was privy to all the information, after having testified at Appellant's 2003 trial that "[i]f it's in [the affidavit], then I wrote it." Appellant suggests the statements are inconsistent because the 2003 statement means that Trooper Bard had "nothing to do with the [the affidavit.]" Appellant's Brief at 28. In addition, he argues that there were no emails between Appellant and "Missy Little" indicating "Missy Little" was twelve years of age, but does not acknowledge that there were emails he omitted from Exhibit 4 to his PCRA petition—which were read into the record at Appellant's preliminary hearing—indicating that "Missy Little" (as the affidavit refers to the person with the email address "ShyLittleMissy") was twelve years old. Appellant's Brief at 28; PCRA Court Opinion, 3/2/12, at 5 n.1.

We acknowledge that the PCRA court's focus on Paragraph 3 of Appellant's PCRA petition was on Appellant's assertions about emails indicating ShyLittleMissy was 12 rather than 13 years old. Even though the

PCRA court did not address all of Appellant's claims of error and misstatement in the affidavit, we find nothing in the affidavit that falls short of the **Franks** requirement that that statements be "'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." **Franks**, 438 U.S. at 165.[4] Appellant is attempting to play a game of semantics in his attack on the warrant. However, he has not demonstrated that the affiant, Trooper Flaherty, made any false statement knowingly and intentionally, or with reckless disregard for the truth. We find no arguable merit in Appellant's contention that trial counsel was ineffective for failing to challenge the affidavit. Appellant's claims relating to Paragraph 3 of the PCRA petition fail.

Appellant next asserts PCRA court error under Paragraph 4 of his PCRA petition, which argues trial counsel ineffectiveness for refusing to challenge "duplicity" in the one-paragraph charging information used for all 27 counts alleged against him. As the PCRA court noted, duplicity is "[t]he charging of the same offense in more than one count of an indictment." PCRA Court Opinion, 3/2/12, (quoting **Black's Law Dictionary** (9th ed. 2009)). Here,

---

[4] We likewise decline to address all the claims of error and misstatement Appellant suggests appear in the six-paragraph affidavit. As noted, Appellant devotes six pages of his brief to these supposed errors. We instead limit our discussion to Appellant's claims of error and misstatement in the first paragraph of the affidavit as illustrative of the type of "error and misstatement" Appellant alleges appears throughout the affidavit.

Appellant was charged with 27 counts of possession of child pornography under 18 Pa.C.S.A. § 6312(d). As our Supreme Court has recognized:

> Under Section 6312(d), it is a violation of the law for "[a]ny person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material" which depicts a minor "engaging in a prohibited sexual act or in the simulation of such act." 18 Pa.C.S. § 6312(d). The General Assembly's use of the term "any," which could mean one or more items, suggests a lack of restriction or limitation. Further, all of the objects listed in the statute are singular, *e.g.*, a "photograph" or a "computer depiction," meaning that each photograph or computer depiction constitutes a distinct occurrence of offensive conduct in violation of Section 6312(d).

***Commonwealth v. Davidson***, 938 A.2d 198, 218-19 (Pa. 2007). Each of the 27 counts in the complaint corresponded with one of the 27 photographs recovered from under the carpet in Appellant's home. The trial court determined that eleven of those photographs constituted child pornography. Clearly, Appellant was not charged with the same offense in more than one count of the indictment. Appellant's claims relating to Paragraph 4 of his PCRA petition lack arguable merit and provide no basis for relief.

In issues 4 through 6, Appellant alleges trial counsel ineffectiveness relating to three subparagraphs in Paragraph 5 of his PCRA petition. In the first of these, Appellant claims trial counsel was ineffective for failing to object to Trooper Roche's testimony concerning events in Allegheny County.

The PCRA court rejected Appellant's claim for lack of arguable merit, concluding the testimony relating to Appellant's prior actions in soliciting a minor in Allegheny County was relevant to show his motive and intent for

- 11 -

possessing photographs depicting child pornography. PCRA Court Opinion, 3/2/12, at 7-8. Further, the PCRA court recognized a reasonable basis for trial counsel not objecting to the testimony sooner than he did. As the PCRA court explained, "[t]rial counsel believed that testimony regarding what happened in the Allegheny case was merely the basis for later testimony which would explain why the Fulton County warrant was issued, since the Allegheny case provided the factual basis for that warrant." *Id.* at 8. Finally, an earlier objection would not have put Appellant in a different position, as evidenced by the fact the trial court overruled trial counsel's objection when it was made, permitting the testimony to establish intent and motive. *Id.* Because Appellant's assertions lack arguable merit, because trial counsel had a reasonable basis for his actions, and because Appellant was not prejudiced by trial counsel's actions, Appellant's claims of PCRA court error with respect to Paragraph 5-A of his PCRA petition fail.

Appellant next argues the PCRA court erred by denying relief based on Appellant's claims of ineffectiveness stemming from trial counsel's failure to object to hearsay testimony. The testimony in question was offered by Trooper Roche and addressed his conversations with Grabowski—the creator of the ShyLittleMissy email account—as well as the emails exchanged between Grabowski and Appellant. Appellant asserts the testimony was hearsay because Grabowski was not called to testify at either the Allegheny or Fulton County proceedings, depriving Appellant of the opportunity to

cross-examine him. Appellant contends the introduction of such testimonial hearsay constituted a violation of the Sixth Amendment and trial counsel was ineffective for failing to object to it.

The PCRA court rejected Appellant's argument, finding that the testimony was not hearsay because it was not offered for the truth of the matter asserted. PCRA Court Opinion, 3/2/12, at 8. Instead the testimony was offered to establish motive and intent. *Id.* at 8-9. As the Commonwealth suggests:

> The evidence showed the state of mind of the declarant, Ty Grabowski, was to "bait" a pedophile. Evidence offered to establish the state of mind of the declarant is not hearsay. The evidence also showed and explained the state of mind and actions of the hearer, Trooper [Roche], which was to take over the role of "shylittlemissy" and catch the pedophile that Grabowski had lured in. Evidence offered to establish the state of mind of the hearer is not hearsay.

Commonwealth Brief, at 12-13 (citations omitted).

Appellant's argument is grounded on his contention that the trooper's testimony constituted testimonial hearsay while acknowledging the Sixth Amendment would not be violated if Grabowski's statements to the trooper were non-testimonial. He recognizes that statements are non-testimonial if made "in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." Appellant's Brief at 42 (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)). "They are testimonial when the circumstances objectively indicate that there is no such ongoing

emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id.* (quoting *Davis*, 547 U.S. at 822.)

Appellant contends Grabowski did not ask police to meet with him regarding an ongoing emergency. *Id.* The Commonwealth counters that "implicit in *Davis* is the idea that because the prospect of fabrication in statements given for the primary purpose of resolving [an] emergency is presumably significantly diminished, the Confrontation Clause does not require such statements to be subject to the crucible of cross-examination." Commonwealth's Brief at 13-14 (quoting *Michigan v. Bryant*, 131 S.Ct. 1143, 1157 (2011)). Further, the Supreme Court in *Bryant* "cautioned that the scope of an 'ongoing emergency' should not be narrowly drawn." *Id.* at 14. The Commonwealth suggests that:

> Grabowski, a private citizen, took it upon himself to create a "chat room" persona ("shylittlemissy") to troll the internet for pedophiles. In that capacity, "shylittlemissy" began a sexually charged e-mail correspondence with someone calling himself "jake thomas" on a Hotmail account—fatdiggity@hotmail.com. Grabowski did not know who or where "jake thomas" was. All he knew was that he thought he had an internet predator "nibbling on the bait" and needed to hand the whole thing over to the police. Viewed objectively, being in contact with an apparent internet predator seeking contact with an underage girl would feel like an ongoing emergency to a reasonable person, the kind of threat that endangered the public as a whole. Who else was "jake thomas" reaching out to, and how? Grabowski did not contact the police to provide testimony against [Appellant]—he did not even know who [Appellant] was. He contacted the police because he needed help to resolve an ongoing emergency. He was in contact with an internet predator and was in way over his head.

- 14 -

Commonwealth's Brief at 14-15.

We agree with the PCRA court that the testimony did not constitute hearsay. Even if it did, it was non-testimonial in nature under the circumstances of this case. Further, even if it could be considered testimonial hearsay, we cannot see how Appellant was prejudiced by the testimony. As the Commonwealth contends, in the taped statement given to Trooper Roche, Appellant admitted he believed he was communicating with an underage female for purpose of eventually having sexual contact with her. Commonwealth's Brief at 15. Appellant's claim under Paragraph 5-B of his PCRA petition fails.

Appellant also claims the PCRA court erred by denying relief under Paragraph 5-D of his PCRA petition in which he alleged trial counsel ineffectiveness for failing to raise the defense of collateral estoppel after the Allegheny County case was dismissed. Initially, we reject Appellant's contention that dismissal of the case constituted a "final judgment on the merits." As the PCRA court recognized, Appellant was charged in Allegheny County with one count of Solicitation of Involuntary Deviate Sexual Intercourse ("IDSI") and four counts of Criminal Attempt (Unlawful Contact with a Minor, Rape, IDSI, and Statutory Rape). PCRA Court Opinion, 3/2/12,

at 9.[5]   Appellant filed a motion for writ of habeas corpus and the court

dismissed the charges without prejudice on May 27, 2004, more than two

months after Appellant was sentenced in Fulton County.   As the PCRA court

recognized:

> "In Pennsylvania, double jeopardy does not attach and the
> constitutional prohibition against double jeopardy has no
> application until a defendant stands before a tribunal where guilt
> or innocence will be determined."  ***Commonwealth v. Hunter***,
> 674 A.2d 306 (Pa. Super. 1996).  [Appellant's] Allegheny County
> charges were dismissed pursuant to a pretrial motion.  He did
> not stand trial and the Commonwealth was not barred from re-
> filing those same charges.  Jeopardy did not attach and therefore
> double jeopardy could not have attached.  Further we note that
> the charges in Allegheny County were substantially different
> from the [possession of child pornography] charges filed in
> Fulton County.

***Id.*** at 10.  Appellant's claim of PCRA court error based on Paragraph 5-D of

his PCRA petition fails for lack of arguable merit.

In his seventh issue, Appellant argues trial counsel ineffectiveness for

failure to present an expert witness to rebut the testimony of the

Commonwealth's expert.   The Commonwealth's expert testified about

application of the "Tanner staging scale" used to determine the age of

---

[5] Appellant defeats his own collateral estoppel argument in the first prong of
the four-pronged definition he outlines in his brief, *i.e.*, that an issue decided
in a prior action is identical to one presented in a later action.  Appellant's
Brief at 44.  Even if the Allegheny County action could be considered "a later
action," it cannot be said that any issue from Allegheny County, with charges
of Solicitation of IDSI and Criminal Attempt, was addressed in the Fulton
County action involving charges of Possession of Child Pornography.

children depicted in Appellant's photographs based on physical development. Appellant's argument lacks reasonable merit. As the PCRA court aptly noted, "Trial counsel need not introduce expert testimony on his client's behalf if he is able to effectively cross-examine prosecution witnesses and elicit helpful testimony." PCRA Court Opinion, 3/2/12, at 11 (citing **Commonwealth v. Marinelli**, 810 A.2d 1257, 1269 (Pa. Super. 2002)). The PCRA court explained:

> After reviewing the transcripts, we find that trial counsel effectively cross-examined the expert on his methods and use of Tanner. Trial counsel cross-examined [Commonwealth expert] Dr. Greenwald on his understanding of the Tanner scale and the conclusiveness of his results. In fact, arguments contained in Dr. Rosenbloom's affidavit attached to the Offer of Proof were brought out during cross-examination of Dr. Greenwald by trial counsel. For example, Dr. Rosenbloom asserts that the Tanner scale is not intended for determining age, but rather, it was intended for use in determining stages of development. This is evident in trial counsel's questioning on pages 93 and 94 of the transcript. Trial counsel elicits testimony wherein Dr. Greenwald admits that the scale isn't intended for determining exact chronological age.
>
> Pursuant to **Marinelli**, trial counsel effectively cross-examined the Commonwealth's expert and was not required to produce a rebuttal expert.

PCRA Court Opinion, 3/2/12, at 11.[6] Because Appellant's claims relating to Paragraph 6 of his PCRA petition lack arguable merit, Appellant is not entitled to relief.

_____

[6] The PCRA court also noted that trial counsel did contact an expert in the field of forensic evaluation of computer generated child pornography and
*(Footnote Continued Next Page)*

Next, Appellant claims PCRA court error for rejecting claims in Paragraph 7 of his PCRA petition. In Paragraph 7, Appellant alleged that trial counsel was ineffective for failing to challenge on direct appeal the trial court's discounting of expert testimony regarding four of the pictures upon which Appellant was convicted. Appellant contends the Commonwealth's expert testified it was not possible to state beyond a reasonable degree of medical certainty that the subjects in those pictures were under the age of 18.

It is of no consequence that the trial court convicted Appellant on possession charges for those four photographs absent expert testimony establishing the individuals depicted were under the age of 18. While it is clear that competent expert testimony is sufficient to establish the age of a person alleged to be a child under the 18 years of age under 18 Pa.C.S.A. § 6312(e), it is equally true that expert testimony is not required for the court to establish the age of the children in photographs. ***Commonwealth v. Robertson-Dewar***, 829 A.2d 1207 (Pa. Super. 2003). The PCRA court noted that "[i]n reaching its verdict, the [c]ourt considered all the evidence

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

sent him evidence from this case to evaluate. The expert advised counsel that he was familiar with some of the images from Appellant's case by virtue of his involvement with other cases and was aware that some of the images—and the identity and ages of the children depicted in those images— had been established conclusively as images of actual underage children. Knowing the images portrayed actual underage children, trial counsel was prohibited by the Rules of Professional Conduct from offering evidence that he knew to be false. PCRA Court Opinion, 3/2/12, at 11.

presented at trial, including the testimony of the expert. The [c]ourt was not bound by the expert's testimony and found additional evidence supporting a finding that the individuals in the pictures were indeed children." PCRA Court Opinion, 3/2/12, at 12. Appellant's challenge based on Paragraph 7 of his PCRA petition lacks arguable merit.

In his ninth and final issue raised in this appeal, Appellant claims the PCRA court erred by denying his request to amend his PCRA petition to allege ineffectiveness of PCRA counsel. Specifically, Appellant contends PCRA counsel was ineffective for failing to question trial counsel about his "strategic decision making" with respect to paragraphs 5-A, 5-B, 5-D and 7 of Appellant's PCRA petition. Appellant's Brief at 56-57.

As the PCRA court recognized, there is no absolute right to amend a PCRA petition. PCRA Court Opinion, 5/13/14, at 3 (citing **Commonwealth v. Williams**, 732 A.2d 1167, 1191 (Pa. 1999)). "Leave to amend a PCRA petition lies within the sound discretion of the [c]ourt and should be granted to achieve substantial justice." **Id.** More importantly, the issues Appellant wished to raise in an amended PCRA petition are issues we have already determined to lack arguable merit. There would be nothing accomplished by permitting Appellant to amend his PCRA petition to allege PCRA counsel ineffectiveness for failing to question trial counsel about issues on which we have already ruled. "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was

ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1190 (Pa. Super. 2012) (quoting ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa. Super. 2010)).

We find that the ruling of the PCRA court is supported by the record and is free of legal error. Therefore, we affirm the PCRA court's February 25, 2014 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015