393 A.2d 988

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey A. DICENZO, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Nov. 1, 1978.

Lester G. Nauhaus and Paulette J. Balogh, Assistant Public Defenders, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment of sentence rendered following nonjury trial and adjudication of guilty of recklessly endangering another person. "Crimes Code," Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 2705. Post-trial motions were made and denied. Sentence was suspended and defendant placed on two years' probation. Before us is appellant's allegation that the Commonwealth failed to prove the elements of the crime by sufficient evidence. We disagree.

The indictment grew out of an incident at and after 4:45 A.M. on April 1, 1976. Homeowner Loukkala awoke to the sound of an unusual kind of talking near his house. Upon

investigation Loukkala noticed a car parked in front of his house along the curb, which car had not been there when he went to bed. He called township police.

Officer Galati of the Reserve Township police, Allegheny County, responded to the call. The suspicious parked car was found to contain appellant and another. The officer asked them to leave or else he would arrest them for prowling. The two drove off a short distance, only to return momentarily to the area of Loukkala's house, all being within eyesight of the officer. As he approached again, they left and returned to the driveway at the home of the individual riding with appellant. The officer caught up and announced their arrest. While he had the companion physically restrained due to his resistance, appellant moved up the driveway a short distance to pick up a stone. He yelled to the officer that he [appellant] would "bash my [the policeman's] brains in" if he came closer. Appellant fled but later gave himself up at the magistrate's office. For this action against the officer, appellant was indicted and tried.

Appellant took the stand in his defense and testified that the officer said that he and his friend would be arrested for "prowling." Appellant felt he had done nothing and stated so; whereupon, appellant testified, the policeman threatened to "put four slugs in your [appellant's] belly." (The officer categorically denied this threat.) It was then that appellant became apprehensive and threatened to throw a brick at the officer. This would have been impossible, Dicenzo maintained, because he neither had a brick or rock in hand, nor was there one available nearby.

There is very little conflicting testimony except as to the threats which were said to have passed between the policeman and appellant. Appellant admitted that he threatened the officer with a rock if he pulled his gun. But appellant argues that, even believing the officer's version, he could not and was not put in danger of harm to his person. The crime, *supra*, is defined thus: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury."

In this case, the trier of fact chose to believe the officer's recitation of facts, including that which indicated that appellant's action had placed the officer in fear of serious bodily injury. The weight given to the officer's testimony overcame appellant's testimony that the victim should have realized that appellant's threat had no means of fulfillment. We find no abuse of discretion in the lower court's exercising its function of fact finder, believing one version of a factual issue over another. The element of the crime—that is, the endangering of another recklessly, to the end that the other is put in fear of serious bodily injury—is supported by ample evidence.

Judgment of sentence affirmed.

SPAETH, J., files a dissenting opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

In affirming the judgment of sentence for recklessly endangering another, the majority says;

> In this case, the trier of fact chose to believe the officer's recitation of facts, *including that which indicated that appellant's action had placed the officer in fear of serious bodily injury.* The weight given to the officer's testimony overcame appellant's testimony that the victim should have realized that appellant's threat had no means of fulfillment. We find no abuse of discretion in the lower court's exercising its function of fact finder, believing one version of a factual issue over another. *The element of the crime—that is, the endangering of another recklessly, to the end that the other is put in fear of serious bodily injury*—is supported by ample evidence.
>
> At 989 (emphasis added).

I have several differences with this statement.

First, it is not an element of the crime that "the other is put in fear of serious bodily injury." The Crimes Code states:

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S.A. § 2705.

Second, no testimony "indicated that appellant's action had placed the officer in fear of serious bodily injury." In his testimony the officer never said he had been in fear, nor did he describe himself as having acted in any way from which the trier could infer that he had been in fear.

Third, the evidence was not "ample", but rather, I suggest, so meagre as to require us to hold it insufficient. As just noted, the Crimes Code requires proof of "conduct which places or may place another person in danger of death of serious bodily injury." On the issue of whether there was such conduct, the Commonwealth's entire evidence was as follows, by the officer:

While I was having a hassle with him—Mrazek [a co-defendant]—the DiCenzo boy [appellant] ran about 10 foot up Mrazek's driveway. They have these big stones along the driveway. He picked up a big one and held it above his head and said if I come after him he is going to bash my brains in with it. So at that instance [sic; "instant" no doubt intended] the Millvale [police] car came down the road. The kid seen their headlights. He dropped the stone and ran up behind Mrazek's house and ran in the woods and got away.

N.T. 22–23.

This was sufficient to prove simple assault, for if accepted it showed an "attempt[ ] by physical menace to put another in fear of imminent serious bodily injury." Crimes Code, supra, 18 Pa.C.S.A. § 2701(a)(3). However, it was insufficient to prove recklessly endangering another; the officer and appellant were not close enough, and the incident did not last long enough, for that.

The judgment of sentence should be reversed and the case remanded with instructions to the lower court to enter a

verdict of guilty of simple assault, and to impose sentence on the verdict.