J-S89012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HANIYYAH WALKER, | |
| Appellant | No. 696 EDA 2016 |

Appeal from the Judgment of Sentence February 29, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003325-2015

BEFORE:  SHOGAN, MOULTON, and FITZGERALD,* JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED January 12, 2017**

Appellant, Haniyyah Walker, appeals from the February 29, 2016 judgment of sentence entered in the Court of Common Pleas of Montgomery County following a bench trial.  We affirm.

The trial court summarized the facts of the crime as follows:

> In the early morning of February 19, 2015, Appellant was present at Redner's Warehouse ("Redner's") in Lower Pottsgrove Pennsylvania, located in Montgomery County.  Between the hours of 2:30 a.m. and 3:15 a.m., Appellant completed nine transactions which totaled over $900.00.  During each transaction, the Redner's video surveillance system captured Appellant manually entering access device information into the terminal.  The numbers Appellant used to pay for the items in each transaction corresponded to an access device card owned by Kenija Gilbert.  Once Ms. Gilbert learned that her account had been emptied, she notified the police.  Lower Pottsgrove [Police]

---

* Former Justice specially assigned to the Superior Court.

Officer Scott Burnick responded to the report and spoke with Ms. Gilbert at Redner's. Ms. Gilbert told Officer Burnick that she believed Appellant was responsible for the transactions, and that Appellant was not authorized to use the access card, or benefits contained therein. Subsequently, Officer Burnick obtained a transaction report and surveillance video from Redner's which confirmed Ms. Gilbert's belief that Appellant was the perpetrator.

Trial Court Opinion, 5/3/16, at 1.

Appellant was charged with access device fraud, identity theft, and receiving stolen property, all first-degree misdemeanors.[1] At a bench trial on February 29, 2016, the victim, Kenija Gilbert, and the arresting officer, Lower Pottsgrove Township Police Officer Scott Burnick, testified for the Commonwealth; Appellant presented three witnesses on her behalf. The parties stipulated to the authenticity and admissibility of a transaction report from Redner's and the surveillance video from the store. N.T., 2/29/16, at 3. Following trial, the trial court found Appellant guilty of access device fraud and identity theft and not guilty of receiving stolen property. The trial court sentenced Appellant to two years of probation and the payment of restitution in the amount of $500.

Appellant did not file post-sentence motions; she filed a timely *pro se* notice of appeal on March 3, 2016. On March 17, 2016, Appellant filed a

---

[1] Access device fraud was originally charged as a third-degree felony, but the Commonwealth amended it at trial to a first-degree misdemeanor. N.T., 2/29/16, at 4.

counseled Pa.R.A.P. 1925(b) statement. The trial court also complied with Rule 1925.

On appeal, Appellant raises the following issue, which was the identical issue raised in her Pa.R.A.P. 1925(b) statement:

1. Did the court err in finding that there was sufficient evidence as a matter of law in terms of quality or quantity to find Appellant guilty beyond a reasonable doubt of the charges[?]

Appellant's Brief at 7 (full capitalization omitted).

Appellant's only issue relates to the sufficiency of the evidence. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. ***Commonwealth v. Diamond***, 83 A.3d 119 (Pa. 2013). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Commonwealth v. Colon-Plaza***, 136 A.3d 521, 525–526 (Pa. Super. 2016) (quoting ***Commonwealth v. Robertson-Dewar***, 829 A.2d 1207, 1211 (Pa. Super. 2003)). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. ***Commonwealth v. Tejada***, 107 A.3d 788, 792–793 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. ***Commonwealth v.***

*Mucci*, 143 A.3d 399, 409 (Pa. Super. 2016). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Rogal*, 120 A.3d 994 (Pa. Super. 2015).

In her Pa.R.A.P. 1925(b) statement, Appellant merely averred that the "evidence was insufficient . . . in terms of quality or quantity . . . to find [A]ppellant guilty . . . ." Pa.R.A.P. 1925(b) Statement, 3/17/16. Rule 1925 requires that an appellant "concisely identify each ruling or error that the appellant intends to challenge **with sufficient detail to identify all pertinent issues**[.]" Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Allshouse*, 969 A.2d 1236, 1239 (Pa. Super. 2009). "When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *Id*.

Specifically, we have stated that "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement **must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient**." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (emphasis added). Failure to identify what specific elements the

- 4 -

Commonwealth failed to prove at trial in a Rule 1925(b) statement renders an appellant's sufficiency-of-the-evidence claim waived for appellate review. *Id*. Thus, as did the trial court, we conclude that Appellant's claim assailing the sufficiency of the evidence is waived.

Even if the issue had been properly preserved, we would find it lacks merit based upon the trial court's alternative reasoning, as follows:

> This court found Appellant guilty of one count of access device fraud and one count of identity theft, both graded as a first degree misdemeanor. A person commits access device fraud when he or she "uses an access device to obtain or in an attempt to obtain property or services with knowledge that: ... the access device was issued to another person who has not authorized its use; ... or for any other reason his use of the access device is unauthorized by the issuer or the device holder." 18 Pa.C.S.A. § 4106(a).

> At trial, the Commonwealth presented the testimony of Kenija Gilbert. Ms. Gilbert testified that leading up to this incident, Ms. Gilbert gave Appellant possession of, and permission to use, her access device card while Ms. Gilbert was in the hospital. However, on the evening before the incident Ms. Gilbert requested the card back from Appellant and revoked Appellant's authorization to use said card. Appellant complied with Ms. Gilbert's request and gave the card back to Ms. Gilbert. The Commonwealth also submitted a transaction report from Redner's which listed nine transactions made using Ms. Gilbert's account on the morning of February 19, 2015. Additionally, the Commonwealth submitted a DVD containing security camera footage from Redner's recorded on the morning of February 19, 2015. The video showed Appellant manually entering numbers into the checkout system in order to pay for goods, and the timestamps on the video matched up with the times indicated on the transaction report. Therefore, when viewing the evidence in the light most favorable to the Commonwealth, Appellant used an access device to obtain goods with knowledge that she was not authorized to do so and was found guilty of access device fraud.

"A person commits the offense of identity theft of another person if he possesses or uses, through any means, identifying information of another person without the consent of that other person to further any unlawful purpose." 18 Pa.C.S.A. § 4120(a). Identifying information is defined, in part, as "any fact used to establish identity, including, but not limited to, a name, birthdate, Social Security number, driver's license number, nondriver governmental identification number, telephone number, checking account number, savings account number, student identification number, employee or payroll number or electronic signature." 18 Pa.C.S.A. §4120(f). At trial the evidence established beyond a reasonable doubt that Appellant used an account and PIN number belonging to Ms. Gilbert, without her consent and in order to obtain goods for herself. Accordingly, this court found Appellant guilty of identity theft.

Trial Court Opinion, 5/3/16, at 4–5.

Appellant's challenge to the sufficiency of the evidence fails on a separate basis as well. While Appellant presented her question in terms of the sufficiency of the evidence, the argument portion of the brief is an attack on victim Gilbert's credibility. It is well settled that a challenge to the credibility of a witness is a challenge to the weight of the evidence and not the sufficiency of the evidence. ***Commonwealth v. Lopez***, 57 A.3d 74, 80 (Pa. Super. 2012). Accordingly, Appellant's claim fails. ***See Commonwealth v. Small***, 741 A.2d 666, 672 (Pa. 1999) (stating that, although the appellant phrased his claim as a challenge to the sufficiency of the evidence, the challenge actually goes to the weight of the evidence, and as such, the appellant's challenge to the sufficiency of the evidence must fail).

Here, any weight-of-the-evidence claim is waived for failure to raise the issue in the trial court. **See** Pa.R.Crim.P. 607(A). As we have stated:

> A weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; **Commonwealth v. Priest**, 18 A.3d 1235, 1239 (Pa. Super. 2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion. **Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009).

**Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014) (quoting **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa. Super. 2012)). Appellant did not file a post-sentence motion and did not make any other oral or written motion challenging the verdict as against the weight of the evidence. We agree with the trial court that Appellant has waived this matter on this basis as well, and we decline to address its merits. Trial Court Opinion, 5/3/16, at 3.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2017