J-S72017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :          PENNSYLVANIA
                                       :
             v.                         :
                                       :
                                       :
JOSEPH JACKSON                   :
                                       :
           Appellant               :     No. 303 MDA 2018

Appeal from the Judgment of Sentence December 18, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002027-2017

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                  **FILED JANUARY 24, 2019**

Appellant, Joseph Jackson, appeals from the judgment of sentence entered on December 18, 2017, in the York County Court of Common Pleas. We affirm.

The relevant facts and procedural history of this matter were set forth by the trial court as follows:

> On February 7, 2017, at approximately 9:28 a.m., the West Manchester Township Police Department was dispatched to Taco Bell located at 2189 White Street, Manchester Township, in response to a reported armed robbery. Upon arrival, the shift manager, Lisa Ericson, reported to officers that a man, who had been lurking in the parking lot, confronted her at her vehicle as she was carrying a Citizens Bank deposit bag, grabbed her vehicle door, and told her to start the ignition of her vehicle or he would shoot her with a gun. Ms. Ericson complied with the man's demand to start her car then she grabbed the deposit bag from the front passenger seat before exiting her vehicle; however, the man directed Ms. Ericson to leave the deposit bag on the seat. She left the deposit bag on the seat, exited her vehicle, and went back inside of Taco Bell, leaving the man in the driver's seat of her

vehicle. Once back inside of Taco Bell, she immediately sounded the alarm, called 911 emergency, and reported the incident to a co-worker.

Upon Sergeant Jeffrey S. Snell's arrival to Taco Bell, Ms. Ericson provided the description that her assailant was a light-skinned black male, approximately 5'6" in height who was wearing a green jacket, blue jeans, a black beanie and sunglasses. Responding officers from York City converged on the area and after a brief foot pursuit, located [Appellant] hiding amongst construction equipment near the northeast corner of Rt. 74 and Rt. 30. Officers transported [Appellant] to Taco Bell at which time Ms. Ericson positively identified him as the man who robbed her of the deposit bag.

York County Assistant Public Defender Eric W. White, Esquire, represented [Appellant] during trial proceedings. Following a jury trial on November 2, 2017, a jury unanimously convicted [Appellant] of Count 1 (Robbery) and Count 3 (Terroristic Threats) of the Criminal Information.[1] The jury acquitted [Appellant] of Count 2 (Criminal Attempt of Robbery of a Motor Vehicle). On December 18, 2017, [Appellant] was sentenced to a term of ten (10) to twenty (20) years of confinement for Count 1 and a term of one (1) to two (2) years of confinement for Count 3, to run consecutively to Count 1, for an aggregate sentence of eleven (11) to twenty-two (22) years.

Trial Court Opinion, 6/5/18, at 2-4.

Appellant filed a timely post-sentence motion on December 28, 2017, that the trial court denied on January 17, 2018. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. In this appeal, Appellant appears to raise two issues.[2]

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii) and 2706(a)(1), respectively.

[2] We note with disapproval Appellant's conglomeration of issues. In his statement of questions involved, Appellant makes identical claims of alleged

In Appellant's first issue, he challenges the sufficiency of the evidence. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. Diamond*, 83 A.3d 119 (Pa. 2013). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Colon–Plaza*, 136 A.3d 521, 525–526 (Pa. Super. 2016) (quoting *Commonwealth v. Robertson–Dewar*, 829 A.2d 1207, 1211 (Pa. Super. 2003)). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. Tejada*, 107 A.3d 788, 792-793 (Pa. Super. 2015). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Mucci*, 143 A.3d 399, 409 (Pa. Super. 2016). Moreover, as an appellate court, we may not re-weigh

---

error in his first and second issues; he merely prefaces the first issue with a challenge to the sufficiency of the evidence and prefaces the second with a challenge to the weight of the evidence. Appellant's Brief at 4. Thus, Appellant has left it to this Court to determine which portions of the issues challenge the evidence's weight and which portions concern sufficiency. We could find waiver on this basis. *Commonwealth v. Garland*, 63 A.3d 339, 342 (Pa. Super. 2013); Pa.R.A.P. 2116(a). However, as we believe we are able to discern the distinct arguments Appellant is making, we decline to find waiver.

the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Rogal*, 120 A.3d 994 (Pa. Super. 2015).

Appellant avers that the evidence was insufficient to prove the elements of robbery and terroristic threats. Appellant's Brief at 9-11. However, in his argument in support of this claim of error, Appellant cites to the notes of testimony where he testified that he did not threaten the victim with a gun, and he points to the Commonwealth's witness, Jordan Crone, who stated that the victim did not mention a threat. These issues present a challenge to the credibility of witnesses, and they are issues related to the weight of the evidence and not its sufficiency. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281–82 (Pa. Super. 2009) (An argument regarding the credibility of a witness's testimony "goes to the weight of the evidence, not the sufficiency of the evidence."). Accordingly, we will address these claims in our disposition of Appellant's second issue challenging the weight of the evidence.

The remaining portion of Appellant's challenge to the sufficiency of the evidence is his assertion that, because no gun was recovered, the evidence was insufficient to convict him of robbery. Appellant's Brief at 11. After review, we conclude that Appellant's argument is meritless.

The crime of robbery for which Appellant stands convicted is defined, in relevant, part as follows: "A person is guilty of robbery if, in the course of committing a theft, he … threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S. § 3701(a)(1)(ii).

Although the victim in this matter averred that Appellant threatened her with a firearm, possession of firearm is not an element of the crime and recovery of a firearm was not necessary for a conviction. *See Commonwealth v. Jannett*, 58 A.3d 818, 821-822 (Pa. Super. 2012) ("[E]vidence is sufficient to convict a defendant of robbery … 'if the evidence demonstrates aggressive actions that threatened the victim's safety.'"); *see also Commonwealth v. Robinson*, 817 A.2d 1153, 1161-1162 (Pa. Super. 2003) (holding that where the victim testified her attackers brandished handguns, but where no handgun was discovered on the appellant's person after the robbery, the victim's testimony alone was sufficient to establish possession of a firearm because the "[a]ppellant could have easily discarded the gun immediately after the robbery had been effectuated").

The victim herein testified that that when she entered her Volkswagen Rabbit with a bank bag to make a deposit for her employer, Appellant approached her car. N.T., 11/1/17, at 80-84. Appellant grabbed the window on the door preventing the victim from closing it, ordered her to start the car, directed her to leave the bank bag, and placed her in fear of immediate serious bodily injury by stating that he had a gun and threatening to shoot her if she did not comply. *Id.* at 82-84.

After review, we conclude that the victim's testimony was sufficient to prove that in the course of committing a theft, Appellant threatened the victim and intentionally put her in fear of immediate serious bodily injury. This

evidence aptly satisfies every element of the crime of robbery as charged. 18 Pa.C.S. § 3701(a)(1)(ii). Appellant's first issue on appeal is meritless.

In his second issue, Appellant assails the weight of the evidence. We have held that "[a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." **Commonwealth v. Rayner**, 153 A.3d 1049, 1054 (Pa. Super. 2016) (quoting **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000)). Our Supreme Court has described the standard applied to a weight-of-the-evidence claim as follows:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, "the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence." An appellate court may not overturn the trial court's decision unless the trial court "palpably abused its discretion in ruling on the weight claim." Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is "so contrary to the evidence as to shock one's sense of justice."

**Commonwealth v. Cash**, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations omitted). A trial court's determination that a verdict was not against the weight of the evidence is "[o]ne of the least assailable reasons" for denying a new trial. **Commonwealth v. Colon-Plaza**, 136 A.3d 521, 529 (Pa. Super. 2016) (quoting **Commonwealth v. Clay,** 64 A.3d 1049, 1055 (Pa. 2013)). A verdict is against the weight of the evidence where "certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the

facts is to deny justice." ***Commonwealth v. Lyons***, 833 A.2d 245, 258 (Pa. Super. 2003) (quoting ***Widmer***, 744 A.2d at 751–752)). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. . . . Instead, this Court determines **whether the trial court abused its discretion in reaching whatever decision it made on the motion**[.]" ***Commonwealth v. Ferguson***, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted) (emphasis added).

A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." ***Commonwealth v. Akrie***, 159 A.3d 982, 989 (Pa. Super. 2017). In the case at bar, Appellant preserved his challenge to the weight of the evidence by raising the issue in his December 28, 2017 post-sentence motion.

In Appellant's challenge to the weight of the evidence, he avers that his testimony established that he did not have a gun during the robbery, and Commonwealth witness Jordan Crone testified that the victim never complained of a threat from Appellant. Appellant's Brief at 14-15. We conclude that these challenges to the weight of the evidence are meritless.

As noted above, there was testimony establishing that Appellant threatened to shoot the victim, took her bank bag, and placed the victim in fear of immediate serious bodily injury. Appellant's argument is that the testimony supporting **his** version of events should prevail. However, that is

not the standard. Appellant is merely asking us to credit his account of the facts and reweigh the evidence in his favor. This Court will not substitute our judgment for that of the factfinder, as the jury is free to believe some, all, or none of the evidence presented and to determine the credibility of the witnesses at trial. ***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017) (citation omitted). Here, the jury chose to credit the victim's testimony, as it was permitted to do. ***Id.*** After review, there is nothing about the trial court's denial of Appellant's post-sentence motion that allows us to conclude that there was any abuse of discretion. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/24/2019