J-S36004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY M. RUDINSKI | : | |
| | : | |
| Appellant | : | No. 1783 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 13, 2016
In the Court of Common Pleas of Lycoming Court
Criminal Division at No:  CR 2023-2013

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED NOVEMBER 07, 2019**

Anthony Rudinski appeals from the Judgment of Sentence Entered September 13, 2016.[1]  Following a jury trial which ended on April 22, 2016, Rudinski was convicted of seventeen counts of sexual abuse of children[2] and one count of criminal use of a communication facility.[3] He was sentenced on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Rudinski was granted direct appeal rights *nun pro tunc* on October 1, 2018, by the PCRA Court. His notice of appeal was timely filed. There is a tortured history to the procedural steps taken which led to the Order of October 1, 2018, however, for purposes of our review, the record indicates that the three issues raised by Rudinski in this appeal were properly preserved for our review.

[2] Count 1 was based on 18 Pa.C.S.A. § 6312(c) and Counts 2 through 17 were based on 18 Pa.C.S.A. § 6312(d).

[3] 18 Pa.C.S.A. § 7512(a).

September 13, 2016, to an aggregate sentence of seven to fifteen years of incarceration with a consecutive period of probation for five years.

The facts are easily summarized. During routine surveillance by the Pennsylvania Office of Attorney General Child Predator Section, child pornography was traced to a computer in Rudinski's home. Pursuant to a search warrant, a BitTorrent file sharing network and child pornography were found on Rudinski's computer. Rudinski later admitted to knowing that the child pornography had been downloaded, but also stated that he had accidentally downloaded it. A video and multiple photographs of child pornography were recovered from the computer.

The offense of sexual abuse of children is defined in 18 Pa.C.S.A. § 6312 as follows:

> **(c) Dissemination of photographs, videotapes, computer depictions and films.--**Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.
>
> **(d) Child pornography.--**Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S.A. § 6312. With regard to Section 6312, the Commonwealth must prove the following three elements beyond a reasonable doubt:

> there must be a depiction of an actual child engaged in a prohibited sexual act or a simulated sexual act; the child depicted must be under the age of eighteen (18); and the defendant must have knowingly possessed or controlled the depiction. ***Commonwealth v. Koehler***, 914 A.2d 427, 436 (Pa.Super.2006).

***Commonwealth v. Diodoro***, 932 A.2d 172, 173 (Pa. Super. 2007)(en banc).

In order for the trier of fact to make a determination as to whether the child depicted is under the age of eighteen, expert testimony is permissible, however, a view of the video or photograph is often the best evidence. ***See***, ***e.g.***, ***Commonwealth v. Robertson-Dewar***, 829 A.2d 1207, 1213 (Pa. Super. 2003)("Here, the trial judge, sitting as fact-finder, viewed all of the photographs and videos seized from Appellant's computer and determined that expert testimony was not necessary to assist him in determining the age of the persons depicted in the computer images."). "[T]he outward physical appearance of an alleged minor may be considered by the trier of fact in judging the alleged minor's age." 4 Summ. Pa. Jur. 2d Criminal Law § 11:64 (2d ed.).

The other charge of which Rudinski was found guilty, which is not specifically relevant to the issues raised on appeal, is the offence of criminal use of a communication facility, which is defined as:

> **(a) Offense defined.--**A person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt

thereof of any crime which constitutes a felony under this title . . . . Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa.C.S.A. § 7512.

In his first issue on appeal, Rudinski avers that the trial court erred when it admitted at trial the videos and photos depicting child pornography and permitted them to be shown to the jury. "Once evidence is found to be relevant, it will be inadmissible only if its probative value is substantially outweighed by the danger of unfair prejudice or confusion." ***Commonwealth v. Sauers***, 159 A.3d 1, 6 (Pa. Super. 2017) (citations omitted). Rudinski argues that the inflammatory nature of the videos and photographs outweighed their probative value, especially in light of his offered stipulation that the videos portrayed child pornography. In light of Rudinski's challenge to the discretion of the trial court, we must evaluate the trial court's actions with the following standard in mind:

> When reviewing questions regarding the admissibility of evidence, our standard of review maintains the admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence or the record. The comment to Rule 403 of the Pennsylvania Rules of Evidence defines "unfair prejudice" as **"a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially."**

***Commonwealth v. Seilhamer,*** 862 A.2d 1263, 1270 (Pa. Super. 2004)

(emphasis in original; citations and quotations omitted).

The trial court rejected Rudinski's motion *in limine* to prevent the

Commonwealth from showing the videos and photographs at trial:

> After review of briefs and hearing oral argument, the
> Defense motion in limine to exclude the photographs of the
> pictures involved is DENIED. The Court believes that they
> are the essence of the case, the elements of what the
> Commonwealth is required to prove, and therefore need to
> be produced. This is not like certain criminal cases where
> blood is excluded from murder pictures because they were
> not really elements of the crime, but here the Court
> believes that it is necessary to introduce the elements of
> the crime. The Court also believes that the photographs
> would most likely go to any issues of intent that are present
> in the case.

Order, 10/20/15.

Rudinski argues the Commonwealth did not *need* to present the videos

and photographs, as he was willing to stipulate that they were child

pornography. In fact, Rudinski only ever disputed that he intentionally

possessed the videos and photographs. Consequently, Rudinski asserts the

content of the videos and photographs was not highly probative of the factual

dispute at trial.

Rudinski acknowledges that the Commonwealth was not required to

accept the stipulation, but contends that, under the circumstances, the undue

prejudice of the evidence outweighed its probative value. Importantly, the

issue is whether the videos and photographs were *unfairly* prejudicial. ***See***

***Commonwealth v. Kouma***, 53 A.3d 760, 770 (Pa. Super. 2012). The trial

court is not "required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged." **Commonwealth v. Hairston**, 84 A.3d 657, 666 (Pa. 2014) (citation omitted).

Here, the content of the videos, while indisputably shocking, was not likely to suggest the jury decide the case on an improper basis. The content of the videos, independent of the contested issue of Rudinski's intent or knowledge of possession, did not inflame the jury's passions against Rudinski. The record does not support a finding that the jury convicted Rudinski on an improper basis. Therefore, Rudinski is entitled to no relief on his first issue.

Rudinski's second issue centers on the dates the child pornography was downloaded to his computer. The Criminal Information filed against Rudinski listed the offense dates as between August 18, 2013 and September 19, 2013.[4] At trial, evidence was presented that the exact dates were September 9th, 10th and 11th of 2013. Rudinski's counsel raised a timely objection and contended that he had never been provided with the exact dates of the downloads. The court denied Rudinski's request for a mistrial.

---

[4] The Criminal Information specifically alleged that Rudinski viewed, downloaded, or disseminated child pornography from August 18, 2013 through September 19, 2013.

On appeal, Rudinski contends the court erred in denying a mistrial. It is well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. **Commonwealth v. Chamberlain**, 30 A.3d 381, 422 (Pa. 2011). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will ... discretion is abused." **Commonwealth v. Wright**, 961 A.2d 119, 142 (Pa. 2008).

A trial court may grant a mistrial only "where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." **Wright**, 961 A.2d at 142.

Rudinski does not assert that the Commonwealth failed to provide him, prior to trial, any of the videos or pictures used at trial. Rather, his argument focuses solely on the dates that some of the videos and pictures were downloaded. The trial court found that the combination of the notice of the offense dates provided in the Criminal Information and the providing of the actual videos and photographs which were going to be used at trial was sufficient notice to the defense. The trial court further found that the Commonwealth had not committed any discovery violation.

The trial court was within its discretion in finding that the lack of notice of these three exact dates was not prejudicial to the defense. Moreover, there was absolutely no finding that this was any type of intentional nondisclosure by the Commonwealth. The trial court, which was in the best position to assess the effect of the lack of pretrial notice of these three dates, was satisfied that sufficient notice had been provided, and that no requests for additional discovery had been made by the defense. We therefore find that no relief is warranted on this issue.

Rudinski's last issue involves an allegation of after-discovered evidence. The trial court had denied Rudinski's post-sentence motion on February 9, 2017, and no direct appeal was filed. The post-sentence motion, which was permitted as a late filing by the trial court, included allegations that Special Agent Robert Soop, who testified at trial,[5] had been under investigation at the same time by the Attorney General's office for forwarding sexually explicit material. Post-Sentence Motion, 10/10/16 at ¶ 16.

On July 11, 2017, trial counsel filed a Motion for a New Trial, again based upon information obtained after trial regarding the involvement of Commonwealth's witnesses in the Attorney General's investigation into what was then known in the news media as "Porngate." Rudinski's argument again concentrated on Special Agent Robert Soop. The trial court determined that

---

[5] Agent Soop had prepared a summary report, which was used at trial, which listed images found on Rudinski's hard drive.

the Motion for a New Trial should be treated as a timely petition under the Post-Conviction Relief Act. Eventually, an amended PCRA Petition was filed, and the court held hearings.

Ultimately, the PCRA court granted relief in the form of *nunc pro tunc* direct appeal rights. This appeal is Rudinski's *nunc pro tunc* appeal from his judgment of sentence. We therefore are reviewing the denial of his post-sentence motion, not the PCRA proceedings.

Rudinski therefore argues the court erred in denying his post-sentence motion. Specifically, he contends the court erred in denying his request for a new trial pursuant to a claim of after-discovered evidence. In order to obtain relief based on after-discovered evidence, Rudinski was required to show that the evidence:

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

**Commonwealth v. Pagan**, 950 A.2d 270, 292 (Pa. 2008) (citation omitted).

Here, it is clear that the proposed evidence of Soop's involvement in "Porngate" would have been used solely to impeach Soop's credibility, with no other use reasonably expected. **See** Appellant's Brief, at 23. No use of this evidence has been suggested by Rudinski other than for impeachment purposes.

Nor does this case fall under the exception set forth in ***Commonwealth v. McCracken***, 659 A.2d 541 (Pa. 1995). In **McCracken**, our Supreme Court recognized that new evidence which undermines key testimony from an essential Commonwealth witness should not properly be categorized as being used solely to impeach a witness. Rudinski has not established that Agent Soop was an essential Commonwealth witness. Nor has he even argued that Soop's testimony was key to the Commonwealth's case.

Rudinski argues that the Porngate allegations provide a basis for establishing that he was targeted due to his visual disability. However, in support of this argument, Rudinski only highlights Porngate e-mails that ridiculed overweight women and abused children. These e-mails do not logically support an inference that the OAG agents targeted Rudinski based upon his visual disability.

Even if this were not true, Rudinski has failed to establish that a different verdict was likely if the evidence had been presented to the jury. Rudinski has never denied that child pornography was found on his computer. The only dispute was whether he knowingly or intentionally possess the child pornography. We can discern no basis upon which to conclude that the Porngate evidence would have altered the jury's verdict. For all these reasons, we find Rudinski's last issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/07/2019</u>